NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY ANDRE SMITH, | No. 18-15238 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01269-BLF |
| v. | |
| M. ROENNMANN, Correctional Officer at S.V.S.P.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted  August 15, 2019[**]

Before:     Farris, D.W. Nelson, and Trott, Circuit Judges.

Gregory Andre Smith, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on exhaustion); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Smith's deliberate indifference claim against defendant Mack because Smith failed to raise a genuine dispute of material fact as to whether Mack was deliberately indifferent in treating plaintiff's symptoms arising from alleged food contamination. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Smith's retaliation claims because Smith failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

We do not address Smith's contentions relating to his claims against defendants that were resolved in a separate action.

**AFFIRMED.**